RECEIPT #
AMOUNT $
SUMMONS ISSUED
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CFK OF NEWTON DEVELOPMENT COMPANY, LLC <br><br> Plaintiff, <br><br> v. <br><br> CENTENNIAL INSURANCE COMPANY, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

04    MAGISTRATE JUDGE _____

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441(a)-(b) and 1446, the defendant, Centennial Insurance Company ("Centennial"), hereby files and submits this Notice of Removal relative to the above referenced matter. In support of this Notice, Centennial states as follows:

The plaintiff, CFK of Newton Development Company, LLC ("CFK"), commenced this lawsuit against Centennial in the Massachusetts Superior Court (Suffolk County) on August 17, 2004. A true and correct copy of the Complaint provided by CFK's counsel is attached hereto as Exhibit A. Centennial received notice of the commencement of this action on or about August 18, 2004.

Centennial is a New York corporation with a principal place of business in New York, New York. According to the complaint, CFK is a limited liability corporation organized under the laws of the Commonwealth of Massachusetts having a principal place of business at 266 Summer Street, Boston, Massachusetts. The amount in controversy is in excess of $75,000, exclusive of interest and costs. Accordingly, the Court has jurisdiction over this civil action based upon diversity of citizenship and amount in controversy, see 28 U.S.C. § 1332, and this action is removable pursuant to 28 U.S.C. § 1441.

WHEREFORE, Centennial Insurance Company hereby removes this action to the United States District Court for the District of Massachusetts (Eastern Division) pursuant to the governing statutes.

Respectfully submitted,

CENTENNIAL INSURANCE COMPANY,

By its attorneys,

_____
Bert J. Capone, BBO #072880
Thomas H. Hayman, BBO #557279
CETRULO & CAPONE LLP
Two Seaport Lane
Boston, MA 02110
(617) 217-5500

Dated: August 20, 2004

### CERTIFICATE OF SERVICE

I, Thomas H. Hayman, hereby certify that a true and accurate copy of the foregoing document was served via first class mail, postage prepaid, this 20th day of August, 2004, upon the following:

Leo S. McNamara, Esq.
McNamara & Flynn PA
84 State Street
Boston, MA 02109

_____
Thomas H. Hayman, BBO #557279

01625-0013
339951v1

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                          SUPERIOR COURT DEPARTMENT
                                                      OF THE TRIAL COURT
                                                      CIVIL ACTION NO. 04-3601

CFK of NEWTON DEVELOPMENT COMPANY, LLC,)
          Plaintiff                          )
                                             )        **COMPLAINT**
v.                                           )
                                             )
CENTENNIAL INSURANCE COMPANY,                )
          Defendant                          )
                                             )

## Introduction

This is an action by the obligee on a construction contract performance bond against the bond surety to recover damages incurred as a result of the bond principal's default and abandonment of the work under the bonded contract, and the subsequent failure of the surety to discharge its obligations under the bond.

## Parties

1.    Plaintiff CKF of Newton Development Company, LLC ("CFK") is a Massachusetts limited liability corporation. CFK maintains its principal place of business at 266 Summer Street, Boston, Massachusetts 02210.

2.    Defendant Centennial Insurance Company ("Centennial") is an insurance and surety company duly authorized to issue surety bonds within the Commonwealth of Massachusetts. Centennial maintains a principal place of

business at Three Giralda Farms, Madison, New Jersey 07940, and upon information and belief is a subsidiary of Atlantic Mutual Companies of New York.

3. Adam Construction Corporation, Inc. ("Adam") is a Massachusetts Corporation with its principal place of business registered as 145 Rosemary Street, Needham, Massachusetts. In November 2003, Adam filed for protection under the federal bankruptcy laws and its case is pending before the United States Bankruptcy Court for the Massachusetts District.

## General Allegations

4. On October 8, 2002, CFK as owner, entered into a written construction contract with Adam, as general contractor for the construction of a new 22 unit condominium complex known as The Residences at Chestnut Hill - Phase 2 ("project") for the initial lump sum price of Nine Million Five Hundred Thousand Nine Hundred Fifty Eight Dollars ($9,500,958.00).

5. In conjunction with the execution of the general construction contract for the project, Centennial, as surety, issued a performance bond on behalf of Adam as principal with CFK as obligee. A true copy of the performance bond designated Performance Bond No. 447-412352 ("bond") is attached hereto and incorporated as Exhibit "A".

6. Thereafter, Adam commenced construction of the project work. However, in June 2003, in breach of its contract, Adam abandoned the project

2

work.

7.  On June 12, 2003, CFK notified Centennial in writing, *inter alia*, that Centennial's principal under the bond, Adam, had abandoned the project and CFK made demand for completion of the project under the terms of the bond. The notice also informed Centennial that unless CFK heard form Centennial, CFK would take the appropriate steps to protect CFK's interest including delivery of condominium units scheduled to close. Centennial made no reply to CFK.

8.  On August 29, 2003, Adam caused a notice of a mechanic's lien to be filed in the registry of deeds claiming $1,434,497.03 due under its contract with CFK.

9.  When ninety days had lapsed from the time of Adam's June 2003 abandonment of the work without Adam returning to or otherwise manning the project, the project Architect on September 2, 2003, pursuant to provisions of the construction contract, certified in writing "sufficient cause for termination" by CFK of Adam's construction contract. Although CFK also notified Centennial on September 2, 2003 in writing of the Architect's certification, Centennial made no reply to CFK.

10. On September 15, 2003, CFK notified Centennial in writing of Adam's continuing default of its contractual obligation, and requested a conference with Centennial pursuant to provisions of the bond. Centennial, for the first time, responded to CFK, and a conference was scheduled for September 30, 2002.

3

11. At the time of the September 30, 2003 conference attended by Centennial, CFK agreed that it would attempt to resolve its disputes with Adam regarding Adam's abandonment of the work and regarding the mechanic's lien filed by Adam which were threatening to disrupt the scheduled sale of condominiums constructed under the project.

12. On November 10, 2003, after CFK had failed to resolve its disputes with Adam, CFK notified Centennial in writing of Adam's continuing default under its contract with CFK, and requested that Centennial take action under its performance bond and remove the mechanic's lien filed by Adam because the lien continued to threaten the sale of condominium units. Centennial made no reply to CFK.

13. On February 3, 2004, CFK, through its attorneys, made final demand that Centennial perform its obligations under the bond. Centennial failed and refused to do so, and continues to fail and refuse to do so.

Count I
(breach of performance bond obligations)

14. CFK realleges and reaffirms the allegations of paragraphs 1-13 inclusive as if each and every allegation thereof was set forth fully herein.

15. Centennial breached its obligations to CFK under the bond.

16. As a result of CFK's breaches of its obligations under the bond, CFK

has suffered financial damages in the form of additional costs to complete the work, delay costs, lien bond costs and other costs.

17. CFK has complied with all conditions precedent to maintaining this action against Centennial under Centennial's bond.

WHEREFORE, CFK demands that this Court enter judgment on CFK's behalf against Centennial for all damages this Court deems due and owing CFK on account of the allegations of Count I.

Count II
(breach of obligations of good faith and fair dealing)

18. CFK realleges and reaffirms the allegations of paragraphs 1-17 inclusive as if each and every allegation thereof was set forth fully herein.

19. Centennial's actions and failures to act, or to even respond to CFK, constitute unfair and deceptive acts and practices within the meaning of M.G.L. c. 93A §§ 2 and 11.

20. CFK has complied with all conditions precedent to maintaining this action under M.G.L. c. 93A.

WHEREFORE, CFK demands that this Court enter judgment on its behalf against Centennial for all amounts this Court deems due and owing CFK under the allegations of Count II including multiple damages and attorneys fees as provided

for by M.G.L. c. 93A.

CFK DEMANDS TRIAL BY JURY ON ALL ISSUES TO WHICH A TRIAL BY JURY ATTACHES AS A MATTER OF LAW.

                       CFK of NEWTON DEVELOPMENT, LLC
                       By its Attorney,

                       Leo S. McNamara, Esq.
                       BBO # 339380
                       McNAMARA & FLYNN, P.A.
                       84 State Street, 9th Floor
                       Boston, MA 02109
                       (617) 723-3344

DATED:    August 12, 2004

# ATTACHMENT "A"

# THE AMERICAN INSTITUTE OF ARCHITECTS



AIA Document A312

# Performance Bond

No. 447-412352

Any singular reference to Contractor, Surety, Owner or other party shall be considered plural where applicable.

CONTRACTOR (Name and Address):

Adam Construction Corp
145 Rosemary Street
Suite J
Needham, MA   02494

SURETY (Name and Principal Place of Business):

Centennial Insurance Company
Three Giralda Farms
Madison, NJ   07940

OWNER (Name and Address):

CFK of Newton Development Company, LLC
1330 Boylston Street
Suite 608
Chestnut Hill, MA   02467

CONSTRUCTION CONTRACT
Date: October 8, 2002
Amount $9,500,958.00 Nine Million, Five Hundred Thousand Nine Hundred Fifty Eight and 00/100 Dollars
Description (Name and Location):
The Residences at Chestnut Hill, Phase 2, Chestnut Hill, MA   02467

BOND
Date (Not earlier than Construction Contract Date): October 9, 2002
Amount $9,500,958.00 Nine Million, Five Hundred Thousand, Nine Hundred Fifty Eight & 00/100 Dollars
Modifications to this Bond:    ☒ NONE                      ☐ See Page 3

CONTRACTOR AS PRINCIPAL
Adam Construction Corp    (Corporate Seal)
Signature: _____
Name and Title: Albert D. Mendelsohn, Pres

SURETY Centennial Insurance Company
(Corporate Seal)
Signature: _____
Name and Title: William von Hassel, Attorney-in-Fact

This bond shall not be valid or enforceable until executed by all parties named herein.
(ANY ADDITIONAL SIGNATURES APPEAR ON PAGE 3)

(FOR INFORMATION ONLY—Name, Address and Telephone)
AGENT or BROKER:
Coastal Bonding & Insurance, LLC
PO Box 870
Exeter, NH   03833
603 772-8181

OWNER'S REPRESENTATIVE (Architect, Engineer or other party): O'Sullivan Architects
40 Salem Street, Bld 2, Suite 2
Lynnfield, MA   01940

PRINTED IN COOPERATION WITH THE AMERICAN INSTITUTE OF ARCHITECTS (AIA)
THE LANGUAGE IN THIS DOCUMENT CONFORMS EXACTLY TO THE LAN-
GUAGE USED IN AIA DOCUMENT A312, DECEMBER, 1984 EDITION, THIRD PRINTING, MARCH, 1987.

A312-1984    1

1 The Contractor and the Surety, jointly and severally, bind themselves, their heirs, executors, administrators, successors and assigns to the Owner for the performance of the Construction Contract, which is incorporated herein by reference.

2 If the Contractor performs the Construction Contract, the Surety and the Contractor shall have no obligation under this Bond, except to participate in conferences as provided in Subparagraph 3.1.

3 If there is no Owner Default, the Surety's obligation under this Bond shall arise after:

3.1 The Owner has notified the Contractor and the Surety at its address described in Paragraph 10 below that the Owner is considering declaring a Contractor Default and has requested and attempted to arrange a conference with the Contractor and the Surety to be held not later than fifteen days after receipt of such notice to discuss methods of performing the Construction Contract. If the Owner, the Contractor and the Surety agree, the Contractor shall be allowed a reasonable time to perform the Construction Contract, but such an agreement shall not waive the Owner's right, if any, subsequently to declare a Contractor Default; and

3.2 The Owner has declared a Contractor Default and formally terminated the Contractor's right to complete the contract. Such Contractor Default shall not be declared earlier than twenty days after the Contractor and the Surety have received notice as provided in Subparagraph 3.1; and

3.3 The Owner has agreed to pay the balance of the Contract Price to the Surety in accordance with the terms of the Construction Contract or to a contractor selected to perform the Construction Contract in accordance with the terms of the contract with the Owner.

4 When the Owner has satisfied the conditions of Paragraph 3, the Surety shall promptly and at the Surety's expense take one of the following actions:

4.1 Arrange for the Contractor, with consent of the Owner, to perform and complete the Construction Contract; or

4.2 Undertake to perform and complete the Construction Contract itself, through its agents or through independent contractors; or

4.3 Obtain bids or negotiated proposals from qualified contractors acceptable to the Owner for a contract for performance and completion of the Construction Contract, arrange for a contract to be prepared for execution by the Owner and the contractor selected with the Owner's concurrence, to be secured with performance and payment bonds executed by a qualified surety equivalent to the bonds issued on the Construction Contract, and pay to the Owner the amount of damages as described in Paragraph 6 in excess of the Balance of the Contract Price incurred by the Owner resulting from the Contractor's default; or

4.4 Waive its right to perform and complete, arrange for completion, or obtain a new contractor and with reasonable promptness under the circumstances:

.1 After investigation, determine the amount for which it may be liable to the Owner and, as soon as practicable after the amount is determined, tender payment therefor to the Owner; or

.2 Deny liability in whole or in part and notify the Owner citing reasons therefor.

5 If the Surety does not proceed as provided in Paragraph 4 with reasonable promptness, the Surety shall be deemed to be in default on this Bond fifteen days after receipt of an additional written notice from the Owner to the Surety demanding that the Surety perform its obligations under this Bond, and the Owner shall be entitled to enforce any remedy available to the Owner. If the Surety proceeds as provided in Subparagraph 4.4, and the Owner refuses the payment tendered or the Surety has denied liability, in whole or in part, without further notice the Owner shall be entitled to enforce any remedy available to the Owner.

6 After the Owner has terminated the Contractor's right to complete the Construction Contract, and if the Surety elects to act under Subparagraph 4.1, 4.2, or 4.3 above, then the responsibilities of the Surety to the Owner shall not be greater than those of the Contractor under the Construction Contract, and the responsibilities of the Owner to the Surety shall not be greater than those of the Owner under the Construction Contract. To the limit of the amount of this Bond, but subject to commitment by the Owner of the Balance of the Contract Price to mitigation of costs and damages on the Construction Contract, the Surety is obligated without duplication for:

6.1 The responsibilities of the Contractor for correction of defective work and completion of the Construction Contract;

6.2 Additional legal, design professional and delay costs resulting from the Contractor's Default, and resulting from the actions or failure to act of the Surety under Paragraph 4; and

6.3 Liquidated damages, or if no liquidated damages are specified in the Construction Contract, actual damages caused by delayed performance or non-performance of the Contractor.

7 The Surety shall not be liable to the Owner or others for obligations of the Contractor that are unrelated to the Construction Contract, and the Balance of the Contract Price shall not be reduced or set off on account of any such unrelated obligations. No right of action shall accrue on this Bond to any person or entity other than the Owner or its heirs, executors, administrators or successors.

8 The Surety hereby waives notice of any change, including changes of time, to the Construction Contract or to related subcontracts, purchase orders and other obligations.

9 Any proceeding, legal or equitable, under this Bond may be instituted in any court of competent jurisdiction in the location in which the work or part of the work is located and shall be instituted within two years after Contractor Default or within two years after the Contractor ceased working or within two years after the Surety refuses or fails to perform its obligations under this Bond, whichever occurs first. If the provisions of this Paragraph are void or prohibited by law, the minimum period of limitation available to sureties as a defense in the jurisdiction of the suit shall be applicable.

PRINTED IN COOPERATION WITH THE AMERICAN INSTITUTE OF ARCHITECTS (AIA)
THE LANGUAGE IN THIS DOCUMENT CONFORMS EXACTLY TO THE LANGUAGE USED IN AIA DOCUMENT A312, DECEMBER, 1984 EDITION; THIRD PRINTING, MARCH, 1987.

A312-1984    2

FM 19-1194A (12/94)

10 Notice to the Surety, the Owner or the Contractor shall be mailed or delivered to the address shown on the signature page.

11 When this Bond has been furnished to comply with a statutory or other legal requirement in the location where the construction was to be performed, any provision in this Bond conflicting with said statutory or legal requirement shall be deemed deleted herefrom and provisions conforming to such statutory or other legal requirement shall be deemed incorporated herein. The intent is that this Bond shall be construed as a statutory bond and not as a common law bond.

## 12 DEFINITIONS

12.1 Balance of the Contract Price: The total amount payable by the Owner to the Contractor under the Construction Contract after all proper adjustments have been made, including allowance to the Contractor of any amounts received or to be received by the Owner in settlement of insurance or other claims for damages to which the Contractor is entitled, reduced by all valid and proper payments made to or on behalf of the Contractor under the Construction Contract.

12.2 Construction Contract: The agreement between the Owner and the Contractor identified on the signature page, including all Contract Documents and changes thereto.

12.3 Contractor Default: Failure of the Contractor, which has neither been remedied nor waived, to perform or otherwise to comply with the terms of the Construction Contract.

12.4 Owner Default: Failure of the Owner, which has neither been remedied nor waived, to pay the Contractor as required by the Construction Contract or to perform and complete or comply with the terms thereof.

**MODIFICATIONS TO THIS BOND ARE AS FOLLOWS:**

NONE

(Space is provided below for additional signatures of added parties, other than those appearing on the cover page.)

| CONTRACTOR AS PRINCIPAL | SURETY |
|---|---|
| (Corporate Seal) | (Corporate Seal) |
| Signature: _____ | Signature: _____ |
| Name and Title: | Name and Title: |
| Address: | Address: |
| | Countersigning Agent |

PRINTED IN COOPERATION WITH THE AMERICAN INSTITUTE OF ARCHITECTS (AIA)
THE LANGUAGE IN THIS DOCUMENT CONFORMS EXACTLY TO THE LANGUAGE USED IN AIA DOCUMENT A312, DECEMBER, 1984 EDITION, THIRD PRINTING, MARCH, 1987.

A312-1984    3

## AtlanticMutual Companies

Atlantic Mutual Insurance Company
Centennial Insurance Company

# Power of Attorn

KNOW ALL MEN BY THESE PRESENTS, that the Atlantic Mutual Insurance Company and Centennial Insurance Company, corporations organized under the laws of the State of New York hereinafter called Companies, do hereby appoint William von Hassel

their true and lawful Attorneys-in-Fact to make, execute, seal and deliver on their behalf as surety

any and all bonds and undertakings of suretyship and other documents that the ordinary course of surety business may require. Such bonds and undertakings when duly executed by the aforesaid Attorney(s)-in-Fact shall be binding upon the Companies as fully and to the same extent as if such bonds and undertakings were signed by the President and Secretary and sealed with its corporate seal.

This Power of Attorney is issued pursuant to and by authority of the following resolution of the Board of Trustees of Atlantic Mutual Insurance Company and the Board of Directors of Centennial Insurance Company adopted effective December 1, 1999 and now in full force and effect;

RESOLVED that the Chairman, President or Senior Vice President-Surety may appoint other officers of the Company or agents of the Company to act as its lawful Attorney-in Fact in any State, Territory or Federal District to represent this Company and to act on its behalf within the scope of the authority granted to them in writing, which authority may include the power to make, execute, seal and deliver on behalf of this Company as surety, and as its act and deed, any and all bonds and undertakings of suretyship and such other documents as required in the ordinary course of surety business; and that the Secretary, Assistant Secretary or any Officer of the Corporation be, and each or any of them is, authorized to verify any affidavit or other statement relating to the foregoing and to any resolutions adopted by the Board of Trustees (or Board of Directors, as applicable); and that any such Attorney-in-Fact may be removed and the authority so granted may be revoked by the Chairman, President, Senior Vice President-Surety or by the Board of Trustees (or Board of Directors, as applicable).

IN WITNESS WHEREOF, each of the Companies has caused this Power of Attorney to be signed and its corporate seal to be affixed by authorized Officer this Fourth day of January, 2000.

Attest _Michael B Keegan_
Michael B. Keegan, Vice President

Atlantic Mutual Insurance Company
Centennial Insurance Company

By _Thomas P. Gorke_
Thomas P. Gorke, Senior Vice President

State of New Jersey
County of Passaic } ss

On this Fourth day of January, 2000, before me, a Notary Public of the State and County aforesaid residing therein, duly commissioned and sworn personally came the above named officer of the Company who being by me first duly sworn according to law, did depose and say that he is the officer of the Company described in and which executed the foregoing instrument; that he knows the seal of the Company; that the seal affixed to such instrument is the corporate seal of the Company; and that the corporate seal and his signature as such officer were affixed and subscribed to the said instrument by order of the Board of Trustees (or Board of Directors, as applicable).

_Maria Impallomeni_
Notary Public (Seal)
My commission expires February 18, 2002

I, the undersigned Michael B. Keegan, Vice President of Atlantic Mutual Insurance Company and Centennial Insurance Company, do hereby certify that the original power of attorney of which the foregoing is a full, true and correct copy, is in full force and effect on the date of this Certificate and do further certify that the Senior Vice President who executed said Power of Attorney was one of the Officers authorized by the Board of Trustees and Board of Directors to appoint an attorney-in-fact pursuant to the Board resolution stated above dated December 1, 1999. This Certificate may be signed and sealed by facsimile under and by authority of the following resolution of the Board of Trustees of Atlantic Mutual Insurance Company and the Board of Directors of Centennial Insurance Company, adopted at a meeting duly called and held on the 1st day of December, 1999.

RESOLVED, that the use of a printed facsimile of the corporate seal of the Company and of the signature of an Officer of the Company on any certification of the correctness of a copy of an Instrument executed by the Chairman, President or Senior Vice President-Surety pursuant to the Board resolution, dated December 1, 1999, appointing and authorizing an attorney-in-fact to execute in the name of and on behalf of the Company, surety bonds, undertakings and other instruments, shall have the same effect as if such seal and such signature had been manually affixed and made, is hereby authorized and approved.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the corporate seal of each of the Companies to these presents this _9th_ day of _October_ 20_02_.

_Michael B Keegan_
Michael B. Keegan, Vice President

B-5004 0100

To verify the authenticity of this Power of Attorney, call 1-800-444-6555 and ask for the Power of Attorney Clerk.

# CIVIL COVER SHEET

JS 44 (Rev. 3/99)

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
CFK of Newton Development Company, LLC

### DEFENDANTS
Centennial Insurance Company

(b) County of Residence of First Listed Plaintiff **Suffolk**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Leo S. McNamara, Esq.
84 State Street
Boston, MA 02109   (617) 723-3344

Attorneys (If Known)
Bert J. Capone, Esq.
Thomas H. Hayman, Esq.   (617) 217-5500
Cetrulo & Capone, LLC
2 Seaport Lane, Boston, MA 02210

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

### CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☒ 160 Stockholders' Suits
- ☒ 190 Other Contract
- ☐ 195 Contract Product Liability

### REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### TORTS
**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**PERSONAL INJURY**
- ☐ 362 Personal Injury— Med. Malpractice
- ☐ 365 Personal Injury— Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### CIVIL RIGHTS
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

### PRISONER PETITIONS
- ☐ 510 Motions to Vacate Sentence
- **Habeas Corpus:**
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

### FORFEITURE/PENALTY
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

### LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

### BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

### SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

The plaintiff asserts claims against the defendant under a construction surety bond. The defendant removes the case from state court based on *

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE: August 20, 2004
SIGNATURE OF ATTORNEY OF RECORD

---

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

*diversity, 28 USC §1332

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __CFK of Newton Development Company, LLC v. Centennial Insurance Company__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

- [ ] I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
- [ ] II. 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.    *Also complete AO 120 or AO 121 for patent, trademark or copyright cases
- [XX] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.
- [ ] IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.
- [ ] V. 150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   __N/A__

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

   YES [ ]    NO [XX]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

   YES [ ]    NO [XX]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

   YES [ ]    NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?