UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CFK OF NEWTON DEVELOPMENT COMPANY, LLC<br><br>Plaintiff,<br><br>v.<br><br>CENTENNIAL INSURANCE COMPANY,<br><br>Defendant. | Civil Action No. 04 CV 11828 DPW |

## ANSWER OF CENTENNIAL INSURANCE COMPANY TO THE COMPLAINT

NOW COMES Centennial Insurance Company ("Centennial") and for its Answer to the Complaint, states as follows:

### PARTIES

1. Centennial is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

2. Centennial admits the allegations contained in Paragraph 2 of the Complaint, with the exception that Centennial's principal place of business is in New York, New York.

3. Upon information and belief, Centennial admits the allegations contained in the first sentence of Paragraph 3, and denies the allegations contained in the second sentence of Paragraph 3 of the Complaint.

### GENERAL ALLEGATIONS

4. Centennial admits the allegations contained in Paragraph 4 of the Complaint.

5. Centennial admits the allegations contained in Paragraph 5 of the Complaint.

6. Centennial admits that Adam commenced construction of the project work and denies the remaining allegations of Paragraph 6 of the Complaint.

7. Centennial denies the allegations contained in Paragraph 7 of the Complaint.

8. Centennial is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint.

9. Centennial admits that it received a copy of the September 2, 2003 letter authored by the Project Architect, O'Sullivan Architects, and states that the letter is a written document which speaks for itself. Centennial denies the remaining allegations contained in Paragraph 9 of the Complaint.

10. Centennial admits that it receive a September 15, 2003 letter from CFK and states that the letter is a written document which speaks for itself. Centennial admits that a conference was scheduled for September 30, 2003.

11. Centennial admits that CFK agreed to attempt to resolve Adam's payment disputes and Centennial otherwise denies the remaining allegations contained in paragraph 11 of the Complaint.

12. Centennial admits that it received a November 10, 2003 letter from CFK and Centennial states that the letter is a written document which speaks for itself. Centennial admits that it did not reply to CFK's November 10, 2003 letter, and, further answering, states that the November 10, 2003 letter did not constitute any notice or claim under the performance bond and did not require any response by Centennial.

13. Centennial admits that it received a February 3, 2004 letter from CFK's counsel and states that the letter is a written document which speaks for itself. Further answering, Centennial states that the February 3, 2004 letter is not a proper notice or claim under the bond.

## COUNT I

14. Centennial incorporates herein by reference Paragraphs 1 through 13 above.

15. Centennial denies the allegations contained in Paragraph 15 of the Complaint.

16. Centennial denies the allegations contained in Paragraph 16 of the Complaint.

17. Centennial denies the allegations contained in Paragraph 17 of the Complaint.

## COUNT II

18. Centennial incorporates herein by reference Paragraphs 1 through 17 above.

19. Centennial denies the allegations contained in Paragraph 19 of the Complaint.

20. Centennial denies the allegations contained in Paragraph 20 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

One or more of the claims identified in the Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The plaintiff has waived one or more of the claims identified in the Complaint.

### THIRD AFFIRMATIVE DEFENSE

By its conduct, the plaintiff is estopped from asserting the claims identified in the Complaint.

### FOURTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred because of the plaintiff's fraudulent conduct.

### FIFTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred or limited because the plaintiff breached its obligations under the bonded contract.

### SIXTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred because the plaintiff materially breached the contract for failure to make payment.

### SEVENTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred or limited because the plaintiff failed to comply with the requirements for terminating the bonded contractor as set forth in the bonded contract.

### EIGHTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred or limited because the plaintiff did not comply with the terms of the bond.

### NINETH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred or limited because the plaintiff did not properly default Centennial's principal.

### TENTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred or limited because the plaintiff deprived Centennial of its rights under the bond.

### ELEVENTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred or limited because the plaintiff impaired Centennial's rights and security in connection with the bonded contract.

### TWELFTH AFFIRMATIVE DEFENSE

The contract between the plaintiff and Centennial's principal was the subject of a novation, as a result of which Centennial's bond obligations were discharged.

**THIRTEENTH AFFIRMATIVE DEFENSE**

The plaintiff does not have a claim against Centennial pursuant to G.L. c. 93A because the allegations against Centennial do not relate to conduct that occurred primarily or substantially in the Commonwealth of Massachusetts.

WHEREFORE, Centennial Insurance Company respectfully requests that this Court dismiss the Complaint with prejudice and award judgment in Centennial Insurance Company's favor along with costs and attorneys fees.

                                        Respectfully submitted,

                                        CENTENNIAL INSURANCE COMPANY
                                        by its attorneys,

                                        /s/ Thomas H. Hayman
                                        Bert J. Capone (BBO #072880)
                                        Thomas H. Hayman (BBO #557279)
                                        Cetrulo & Capone LLP
                                        Two Seaport Lane
                                        Boston, MA  02210
                                        (617) 217-5500

DATED: September 9, 2004

CERTIFICATE OF SERVICE

I, Thomas H. Hayman, hereby certify that on this 9th day of September, 2004, I served a true and accurate copy of the foregoing Answer of Centennial Insurance Company upon counsel of record for the parties to this action as noted below by first class mail:

Leo S. McNamara, Esq.
McNAMARA & FLYNN, P.A.
84 State Street
Boston, Massachusetts 02109


    /s/ Thomas H. Hayman
Thomas H. Hayman (BBO #557279)

01625-0013
341327v1