COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                   SUPERIOR COURT DEPARTMENT
                                               OF THE TRIAL COURT
                                               CIVIL ACTION NO.  04-3631 C

CFK of NEWTON DEVELOPMENT COMPANY, LLC,)
    Plaintiff                                     )
                                               )     **COMPLAINT**
v.                                             )
                                               )
CENTENNIAL INSURANCE COMPANY,                  )
    Defendant                                     )
_____)

### Introduction

This is an action by the obligee on a construction contract performance bond against the bond surety to recover damages incurred as a result of the bond principal's default and abandonment of the work under the bonded contract, and the subsequent failure of the surety to discharge its obligations under the bond.

### Parties

1. Plaintiff CKF of Newton Development Company, LLC ("CFK") is a Massachusetts limited liability corporation. CFK maintains its principal place of business at 266 Summer Street, Boston, Massachusetts 02210.

2. Defendant Centennial Insurance Company ("Centennial") is an insurance and surety company duly authorized to issue surety bonds within the Commonwealth of Massachusetts. Centennial maintains a principal place of

business at Three Giralda Farms, Madison, New Jersey 07940, and upon information and belief is a subsidiary of Atlantic Mutual Companies of New York.

3.  Adam Construction Corporation, Inc. ("Adam") is a Massachusetts Corporation with its principal place of business registered as 145 Rosemary Street, Needham, Massachusetts. In November 2003, Adam filed for protection under the federal bankruptcy laws and its case is pending before the United States Bankruptcy Court for the Massachusetts District.

## General Allegations

4.  On October 8, 2002, CFK as owner, entered into a written construction contract with Adam, as general contractor for the construction of a new 22 unit condominium complex known as The Residences at Chestnut Hill - Phase 2 ("project") for the initial lump sum price of Nine Million Five Hundred Thousand Nine Hundred Fifty Eight Dollars ($9,500,958.00).

5.  In conjunction with the execution of the general construction contract for the project, Centennial, as surety, issued a performance bond on behalf of Adam as principal with CFK as obligee. A true copy of the performance bond designated Performance Bond No. 447-412352 ("bond") is attached hereto and incorporated as Exhibit "A".

6.  Thereafter, Adam commenced construction of the project work. However, in June 2003, in breach of its contract, Adam abandoned the project

2

work.

7.   On June 12, 2003, CFK notified Centennial in writing, *inter alia*, that Centennial's principal under the bond, Adam, had abandoned the project and CFK made demand for completion of the project under the terms of the bond. The notice also informed Centennial that unless CFK heard form Centennial, CFK would take the appropriate steps to protect CFK's interest including delivery of condominium units scheduled to close. Centennial made no reply to CFK.

8.   On August 29, 2003, Adam caused a notice of a mechanic's lien to be filed in the registry of deeds claiming $1,434,497.03 due under its contract with CFK.

9.   When ninety days had lapsed from the time of Adam's June 2003 abandonment of the work without Adam returning to or otherwise manning the project, the project Architect on September 2, 2003, pursuant to provisions of the construction contract, certified in writing "sufficient cause for termination" by CFK of Adam's construction contract. Although CFK also notified Centennial on September 2, 2003 in writing of the Architect's certification, Centennial made no reply to CFK.

10.   On September 15, 2003, CFK notified Centennial in writing of Adam's continuing default of its contractual obligation, and requested a conference with Centennial pursuant to provisions of the bond. Centennial, for the first time, responded to CFK, and a conference was scheduled for September 30, 2002.

11. At the time of the September 30, 2003 conference attended by Centennial, CFK agreed that it would attempt to resolve its disputes with Adam regarding Adam's abandonment of the work and regarding the mechanic's lien filed by Adam which were threatening to disrupt the scheduled sale of condominiums constructed under the project.

12. On November 10, 2003, after CFK had failed to resolve its disputes with Adam, CFK notified Centennial in writing of Adam's continuing default under its contract with CFK, and requested that Centennial take action under its performance bond and remove the mechanic's lien filed by Adam because the lien continued to threaten the sale of condominium units. Centennial made no reply to CFK.

13. On February 3, 2004, CFK, through its attorneys, made final demand that Centennial perform its obligations under the bond. Centennial failed and refused to do so, and continues to fail and refuse to do so.

### Count I
(breach of performance bond obligations)

14. CFK realleges and reaffirms the allegations of paragraphs 1-13 inclusive as if each and every allegation thereof was set forth fully herein.

15. Centennial breached its obligations to CFK under the bond.

16. As a result of CFK's breaches of its obligations under the bond, CFK

has suffered financial damages in the form of additional costs to complete the work, delay costs, lien bond costs and other costs.

17.  CFK has complied with all conditions precedent to maintaining this action against Centennial under Centennial's bond.

WHEREFORE, CFK demands that this Court enter judgment on CFK's behalf against Centennial for all damages this Court deems due and owing CFK on account of the allegations of Count I.

### Count II
(breach of obligations of good faith and fair dealing)

18.  CFK realleges and reaffirms the allegations of paragraphs 1-17 inclusive as if each and every allegation thereof was set forth fully herein.

19.  Centennial's actions and failures to act, or to even respond to CFK, constitute unfair and deceptive acts and practices within the meaning of M.G.L. c. 93A §§ 2 and 11.

20.  CFK has complied with all conditions precedent to maintaining this action under M.G.L. c. 93A.

WHEREFORE, CFK demands that this Court enter judgment on its behalf against Centennial for all amounts this Court deems due and owing CFK under the allegations of Count II including multiple damages and attorneys fees as provided

for by M.G.L. c. 93A.

CFK DEMANDS TRIAL BY JURY ON ALL ISSUES TO WHICH A TRIAL BY JURY ATTACHES AS A MATTER OF LAW.

CFK of NEWTON DEVELOPMENT, LLC
By its Attorney,

I HEREBY ATTEST AND CERTIFY ON
Sept. 7, 2004, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY. _____
   Asst. Clerk.

Leo S. McNamara, Esq.
BBO # 339380
McNAMARA & FLYNN, P.A.
84 State Street, 9th Floor
Boston, MA 02109
(617) 723-3344

DATED:    August 12, 2004

6